UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL RAY PITTS,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendants.

Case No. C18-526-RSL-MLP

ORDER ON MISCELLANEOUS MOTIONS

## I.     INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are four motions filed by Plaintiff: (1) motion to appoint counsel (dkt. # 29); (2) "Motion to Proceed with Equal Protection Lawsuit" (dkt. # 32); (3) "Motion to Present Character Witnesses" (dkt. # 33); and (4) "Motion to Respond to Defendant's Answer and Demand for Jury Trial" (dkt. # 36). Defendant has opposed the second and third motions. (Dkt. # 35.) As discussed below, the Court DENIES Plaintiff's motions.

ORDER ON MISCELLANEOUS MOTIONS - 1

## II. DISCUSSION

**A. Motion to Appoint Counsel & Motion to Proceed with Equal Protection Lawsuit**

Plaintiff asks the Court to appoint counsel because of his age and his need to "shelter-in-place" due to the COVID-19 pandemic. (Dkt. # 29.) In his Motion to Proceed with Equal Protection Lawsuit, he reiterates his request that the Court appoint counsel due to the COVID-19 pandemic, arguing that the virus and pandemic constitute "exceptional circumstances." (Dkt. # 32.) Plaintiff further states that he does not have access to the law library because of social distancing. (*Id.*)

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

At this early stage in the proceedings, the Court cannot say that Plaintiff has a likelihood of success on the merits of his equal protection claim against the inmate kitchen supervisor at the Monroe Correctional Complex. In addition, this claim is not particularly complex and it is not apparent that Plaintiff will be unable to articulate his claims *pro se*. Although Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic. Having

considered the applicable factors together, the Court concludes that Plaintiff has not shown exceptional circumstances and denies his motions requesting the appointment of counsel.

**B.  Motion to Present Character Witnesses**

Plaintiff asks the Court for leave to present character witnesses who would state that he has "never been racist or ill tempered toward anyone." (Dkt. # 33.) It is premature for the Court to determine the admissibility of such evidence. Accordingly, the Court denies the motion.

**C.  Motion to Respond to Defendant's Answer and Demand for Jury Trial**

Plaintiff asks the Court for leave to respond to Defendant's answer. (Dkt. # 36.) Pursuant to the Federal Rules of Civil Procedure, a party is only allowed to reply to an answer with leave of the Court. Fed. R. Civ. P. 7(a)(7). A reply is unnecessary in this case. The Court thus denies Plaintiff's motion.

### III.  CONCLUSION

The Court DENIES Plaintiff's pending motions (dkt. ## 29, 32, 33, 36). The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 2nd day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge