UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL RAY PITTS,

                  Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                  Defendants.

Case No. C18-526-RSL-MLP

ORDER DENYING PLAINTIFF'S MOTIONS

      This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are Plaintiff's "Motion to Respond to Pretrial Scheduling Order" (dkt. # 39) and "Motion to Present Grievance" (dkt. # 40). In these motions, Plaintiff makes three requests. First, he asks the Court to refund the filing fee for this action. (Dkt. # 39 at 3.) As the Court previously informed Plaintiff, "Filing Fees are not refunded after a case has been filed or when a case is voluntarily dismissed." (Dkt. # 24 at 1.) Accordingly, Plaintiff's request for a refund will be denied.

      Second, Plaintiff asks the Court to "acknowledge some mitigating circumstances" that occurred two days prior to the events that underly this lawsuit. (Dkt. # 39 at 2.) Plaintiff will have an opportunity to present evidence of facts that he believes are relevant to his claims, however, this is not the time. Motions for summary judgment are due by October 28, 2020. (*See*

ORDER DENYING PLAINTIFF'S MOTIONS - 1

1  Dkt. # 37 (Pretrial Scheduling Order).) If Defendant files a motion for summary judgment,

2  Plaintiff may file evidence in opposition to such a motion. Plaintiff may also file his own motion

3  for summary judgment with supporting evidence to establish his claim. Because this is not the

4  time to present facts regarding Plaintiff's underlying claims, his request will be denied.

5      Finally, Plaintiff asks the Court to appoint counsel before the September 28, 2020

6  discovery deadline.[1] (Dkt. # 39 at 1; Dkt. # 40 at 1.) Plaintiff argues that he cannot afford an

7  attorney, the law library does not provide references for legal counsel, the COVID-19 pandemic

8  requires social distancing, and his 68th birthday is September 9, 2020. (*See* Dkt. # 39 at 1; Dkt. #

9  40 at 1.) Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141

10  F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the

11  voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).

12  *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining

13  whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the

14  merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the

15  complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

16  Based on the allegations in Plaintiff's complaint, this case does not involve complex facts or law.

17  And despite the difficulties of litigating *pro se* without legal training and from prison, Plaintiff

18  appears able to articulate his claims *pro se* in light of the complexity of the legal issues involved.

19  In addition, Plaintiff has not shown that he is likely to prevail on the merits of his claim.

---

[1] It appears Plaintiff may misunderstand the nature of the September 28, 2020 deadline. (*See* Dkt. # 40 at 1 (indicating Plaintiff's belief that he will need to appear before the Court on September 28, 2020).) The Court has not scheduled any hearings in this action. September 28, 2020 is the deadline for the parties to complete discovery, which is the process of requesting evidence from the opposing party related to the lawsuit. *See* Fed. R. Civ. P. 26; *see also* Dkt. # 37 at 1-2. If Plaintiff needs additional time to conduct discovery, he should file a motion with the Court as soon as possible, explaining why he has not been able to complete discovery in the time allotted and what discovery he still needs to seek.

ORDER DENYING PLAINTIFF'S MOTIONS - 2

1  Accordingly, exceptional circumstances do not exist and Plaintiff's motion to appoint counsel
2  will be denied.
3      For the foregoing reason, the Court DENIES Plaintiff's motions (dkt. ## 39, 40). The
4  Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.
5      Dated this 9th day of September, 2020.

                                                                                      MICHELLE L. PETERSON
                                                                                       United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS - 3