UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL RAY PITTS,

                Plaintiff,

     v.

STATE OF WASHINGTON, et al.,

                Defendants.

Case No. C18-526-RSL-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Michael Ray Pitts ("Plaintiff"), proceeding *pro se*, filed a 42 U.S.C. § 1983 amended complaint raising claims against several Washington State Department of Corrections ("DOC") employees at the Monroe Correctional Complex ("MCC"). (Pl.'s Am. Compl. (Dkt. # 16).) After consideration of the Honorable James P. Donohue's previously filed report and recommendation, the Honorable Robert S. Lasnik dismissed all claims and Defendants except for Plaintiff's equal protection claim against Defendant "Chuck," the MCC inmate kitchen supervisor. (Order (Dkt. # 28) at 2.)

On October 28, 2020, Defendant filed a motion for summary judgment ("Defendant's Motion") arguing that Plaintiff failed to demonstrate "Chuck" personally participated in his

REPORT AND RECOMMENDATION - 1

firing and that Plaintiff was terminated based on his sexual contact toward his prison counselor. (Defs.' Mot. (Dkt. # 44) at 2.) In the alternative, Defendant argues he is entitled to qualified immunity. (*Id.*)

Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends Defendant's Motion (dkt. # 44) be GRANTED, and that Plaintiff's claim and this matter be DISMISSED.

## II.   BACKGROUND

### A.   Procedural History

On November 13, 2018, Plaintiff submitted his original complaint for filing, naming the State of Washington, DOC, "Corrections Industries," Officer Lang, Officer Hoskins, and "Chuck" as defendants. (Pl.'s Compl. (Dkt. # 14) at 1.). Judge Donohue declined to serve Plaintiff's initial complaint due to deficiencies and granted him leave to file an amended complaint. (Order (Dkt. # 15).) On November 20, 2018, Plaintiff filed an amended complaint and named the State of Washington, MCC "Correctional Staff," Officer Lang, Officer Hoskins, Inmate Kitchen Supervisor "Chuck," Officer Gordon, Inmate Kitchen Supervisor Lilly Harris, Officer Bcroft, Dr. Bruce Gage, Classification Officer Deshev, Chaplain Raheed, Kitchen Supervisor Schenkel, and Washington State Penitentiary Inmate Gonzalez as defendants. (Pl.'s Am. Compl. (Dkt. # 16) at 1.)

On December 13, 2018, Judge Donohue filed a report and recommendation recommending that all claims and defendants be dismissed except for Plaintiff's equal protection claim against "Chuck" due to several deficiencies with the amended complaint. (R. & R. (Dkt. # 17) at 6-7.) Judge Donohue determined that, though Plaintiff's allegations were "somewhat sparse," Plaintiff's allegation that "Chuck" fired him because a white inmate did not "understand

1  black people" and wanted to harm Plaintiff was sufficient to state an equal protection claim. (*Id.*

2  at 6.) However, on April 16, 2019, Plaintiff voluntarily dismissed this matter before

3  consideration of Judge Donohue's report and recommendation by a district judge. (Pl.'s Not.

4  (Dkt. # 22).)

5        On January 30, 2020, Plaintiff filed a motion to reopen this matter. (Pl.'s Mot. (Dkt.

6  # 25).) On February 5, 2020, Judge Lasnik granted Plaintiff's motion to reopen and noted the

7  previously filed report and recommendation for his consideration. (Order (Dkt. # 26).) On March

8  26, 2020, Judge Lasnik adopted the report and recommendation, directed service of Plaintiff's

9  amended complaint to "Chuck," and referred this matter to the undersigned. (Order (Dkt. # 28) at

10 2.) On May 8, 2020, Defendant filed his answer. (Defs.' Answer (Dkt. # 34).)

11       On October 28, 2020, Defendant filed his Motion, attaching declarations from MCC

12 Classification Counselor Kristin Humble and MCC Legal Liaison Officer Dianna Rule. (Defs.'

13 Mot.; Humble Decl. (Dkt. # 45-1); Rule Decl. (Dkt. # 46-1).) On November 12, 2020, Plaintiff

14 filed his response to Defendant's Motion. (Pl.'s Resp. (Dkt. # 48).) On November 18, 2020,

15 Defendant filed his reply. (Defs.' Reply (Dkt. # 49).) This matter is now ripe for the Court's

16 consideration.

17       **B.**    **Factual Background**

18       Plaintiff, who is black, is currently a prisoner at MCC and was previously employed as an

19 inmate worker in the MCC kitchen. (Pl.'s Am. Compl. at 4-5.) Plaintiff's sole remaining

20 allegation alleges that, on December 17, 2017, Defendant "Chuck" fired him from the kitchen

21 because a white inmate told "Chuck" that "he did not understand black people" and wanted to

22 harm Plaintiff. (*Id.*; R. & R. at 6-7.)

23       On December 18, 2017, Plaintiff received an infraction for groping Classification

REPORT AND RECOMMENDATION - 3

Counselor Humble. (Rule Decl., Ex. 1 at 2; Humble Decl. at ¶ 5.) Classification Counselor Humble reported she was escorting Plaintiff to her office to discuss complaints he had voiced regarding his kitchen employment when she felt "a groping sensation on [her] buttocks area." (Rule Decl., Ex. 1 at 2.) Plaintiff was then escorted to administrative segregation "pending the outcome of the disciplinary process for grabbing a staff member." (*Id.*, Ex. 2 at 4.) Based on his infraction behavior, Classification Counselor Humble requested Plaintiff be suspended from his kitchen job. (Humble Decl. at ¶ 5, *id.*, Ex. 3 at 28.)

On December 22, 2017, MCC Hearing Officer Steve Ewing considered testimony from Classification Counselor Humble and MCC Officer Jason Neely as well as video footage of the incident at Plaintiff's infraction hearing. (Rule Decl., Ex. 1 at 2.) MCC Hearing Officer Ewing found Plaintiff guilty of two infractions based on the incident. (*Id.*) MCC staff then initiated paperwork to terminate Plaintiff from his kitchen position because of his infractions. (*Id.*, Ex. 4 at 8.)

On December 25, 2017, Plaintiff received another infraction for committing indecent exposure toward MCC Sergeant Breanne Caraway. (Rule Decl., Ex. 3 at 6.) Plaintiff waived his appearance at his subsequent infraction hearing and was later found guilty of the infraction by MCC Hearing Officer Ewing. (*Id.*) On December 27, 2017, Plaintiff's inmate employment was officially terminated due to his infraction history. (Humble Decl. at ¶ 6.)

### III.   LEGAL STANDARDS

**A.   Summary Judgment**

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the Court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 585-87.

Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). In addition, it is the nonmoving party's responsibility to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoted source omitted). The Court need not "scour the record in search of a genuine issue of triable fact." *Id.* (quoted source omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

A verified complaint, like Plaintiff's, "may be treated as an affidavit to oppose summary judgment to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence." *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (internal quotations omitted); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc). But allegations that are based merely on Plaintiff's belief are insufficient to oppose summary judgment, as are unsupported conjecture and conclusory statements. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n.1 (9th Cir. 1987) (per curiam).

**B.      Section 1983 Claims**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of his rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act he was legally required to do that caused the deprivation complained of. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**IV.      DISCUSSION**

Defendant argues Plaintiff's claim against "Chuck" should be dismissed because Plaintiff was terminated from his employment because of his serious infraction behavior and because Plaintiff failed to sufficiently allege "Chuck" personally participated in his firing. (Defs.' Mot. at

4-7.) Plaintiff responds that his equal protection challenge is not based on his firing, but instead based on what occurred on December 17, 2017, when "[Chuck] instructed me to leave the kitchen and return to my unit. Basically because of the color of my skin." (Pl.'s Resp. at 1.) Plaintiff submits he "was asked to remove myself from the premise because in a discussion inmate Schwabb was having with [Chuck] was racial and addressing 'black people' then mention Plaintiff's name specifically." (*Id.* at 2.) Plaintiff also attempts to place fault on Kitchen Supervisor Harris as the reason why "Chuck" sent Plaintiff back to his unit.[1] (*Id.* at 2, 7, 10.)

To establish a § 1983 claim, Plaintiff must show how each defendant personally participated in causing the alleged harm. *Arnold*, 637 F.2d at 1355. Where a defendant does not directly cause the alleged harm, he or she may be liable for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Tatum v. Moody*, 768 F.3d 806, 817 (9th Cir. 2014) (quoted source omitted). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680-81 (9th Cir. 1984); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-94 (1978) (Section 1983 liability cannot be established solely on the basis of *respondeat superior*).

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes Plaintiff's allegation against "Chuck" is devoid of any factual allegations showing "Chuck"

---

[1] Judge Donohue's Report and Recommendation, as adopted by Judge Lasnik, previously dismissed Kitchen Supervisor Harris from this action for failure to state a claim. (*See* R. & R. at 5-6; Order (Dkt. # 28) at 2.)

REPORT AND RECOMMENDATION - 7

personally participated in the deprivation of Plaintiff's constitutionally protected rights.[2] Specifically, Plaintiff's allegations fail to demonstrate "Chuck" committed an equal protection violation by firing Plaintiff from his inmate employment at the MCC kitchen. (*See* Pl.'s Am. Compl. at 4-5.) Instead, it is clear from the record "Chuck" was not involved in the decision to fire Plaintiff from his inmate employment. Plaintiff was terminated from his employment based off his serious infraction behavior against Classification Counselor Humble and Sergeant Caraway, which included two separate instances of sexual assault and harassment against two female MCC staff members. (*See* Humble Decl. at ¶¶ 5-6; Rule Decl., Ex. 1 at 2, Ex. 3 at 6.) Furthermore, the paperwork associated with Plaintiff's termination demonstrates it was initiated by Classification Counselor Humble's complaint about Plaintiff groping her and not by "Chuck." (*See* Humble Decl., Ex. 3 at 28.) Consequently, "Chuck" and Plaintiff's remaining claim against him should be dismissed in this action.[3]

Defendant additionally requests that the Court find this action "frivolous and malicious" pursuant to 28 U.S.C. § 1915(g). (Defs.' Mot. at 8-9; Defs.' Reply at 6.) Defendant argues

---

[2] Though Plaintiff characterizes his remaining claim differently in his response, Plaintiff's allegation that he "was told to leave his job" by "Chuck" was previously construed by Judge Donohue as an equal protection claim against "Chuck" based on Plaintiff's termination from his kitchen employment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' ….") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff adopted this interpretation of his claim in his prior objections to Judge Donohue's report and recommendation. (*See* Pl.'s Objs. (Dkt. # 18) at 1, 5-6.) Nevertheless, even if the Court were to now construe Plaintiff's claim as articulated in his response, Plaintiff's allegation against "Chuck" is conclusory and speculative. Plaintiff fails to provide any specific evidence demonstrating "Chuck" asked Plaintiff to leave his work area on account of his race outside of his own speculation concerning the content of an alleged conversation "Chuck" had with another inmate on December 17, 2017. *See Hernandez*, 343 F.3d at 1112; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (vague and conclusory allegations are not sufficient to withstand a motion for summary judgment).

[3] Having decided Plaintiff's allegations against Defendant "Chuck" fail to demonstrate that he personally participated in his termination from his inmate employment, the Court declines to consider whether Plaintiff has stated an equal protection claim against "Chuck" or whether "Chuck" is entitled to qualified immunity. (See Defs.' Mot. at 4-6, 8.)

REPORT AND RECOMMENDATION - 8

1  Plaintiff was aware when he filed his amended complaint that he was terminated from his inmate
2  employment for groping Classification Counselor Humble and not because of "Chuck" due to a
3  conversation "Chuck" had with another inmate concerning Plaintiff's race. (*Id.*)

4  The Prison Litigation Reform Act's "'three-strikes' rule prohibits a prisoner from filing
5  an action *in forma pauperis* if he has accumulated three 'strikes' for prior federal-court actions
6  while incarcerated or in detention, unless he is 'under imminent danger of serious physical
7  injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting
8  28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed
9  on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
10 granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)). A case is frivolous if it has no basis in law or fact.
11 *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Goland v. United States,* 903 F.2d
12 1247, 1258 (9th Cir. 1990).

13 Here, the record on summary judgment demonstrates that Plaintiff was aware when he
14 filed this action that he was terminated from his inmate kitchen job based off his infraction
15 behavior and not because of "Chuck." Plaintiff admitted during his infraction hearing—one week
16 after the incident with Classification Counselor Humble—that he did not actually have any
17 concerns about his employment and he had instead sought to talk to Classification Counselor
18 Humble because he "get[s] depressed around the birthday of my brother who died." (*See* Rule
19 Decl., Ex. 1 at 4.) Moreover, Plaintiff's later kite requests to MCC staff to be reinstated to his
20 previous kitchen job demonstrate he understood his infraction history is what resulted in his
21 termination from his previous employment. (*See* Rule Decl., Ex. 5 at 11-15.) Accordingly, the
22 Court recommends that this matter be counted as a strike against Plaintiff in future *in forma*
23 *pauperis* filings pursuant to 28 U.S.C. § 1915(g). *See Washington*, 833 F.3d at 1051.

REPORT AND RECOMMENDATION - 9

## V. CONCLUSION

For the foregoing reasons, this Court recommends Defendant's Motion (dkt. # 44) be GRANTED, and that this matter be DISMISSED with prejudice. The Court additionally recommends that the dismissal count as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 11, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Robert S. Lasnik.

Dated this 20th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge